No. 12-3705

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Central District of Illinois |
| Plaintiff-Appellee, | |
| vs. | Case No. 12 CR 10055 |
| ANNMARIE PIPER, | Hon. James E. Shadid, Chief United States District Judge, Presiding. |
| Defendant-Appellant. | |

**BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS
DEFENDANT'S APPOINTED APPELLATE COUNSEL
PURSUANT TO <u>ANDERS V. CALIFORNIA</u>, 386 U.S. 738 (1967)
AND SHORT APPENDIX**

JONATHAN E. HAWLEY
Chief Federal Public Defender

ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309) 671-7891

COUNSEL FOR DEFENDANT-APPELLANT

# CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: __12-3705_____

Short Caption: ___United States v. AnnMarie Piper_____

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party or amicus curiae, or a private attorney representing a government party, must furnish a disclosure statement stating the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1

The Court prefers that the disclosure statement be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

> ✓ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)     The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P 26.1 by completing item #3):

Ann Marie Piper

(2)     The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Robert A. Alvarado, Federal Public Defender's Office for the Central District of Illinois and Jonathan Hawley, Federal Public Defender's Office for the Central District of Illinois

(3)     If the party or amicus is a corporation: N/A

        i)      Identify all its parent corporations, if any; and

                n/a

        ii)     list any publicly held company that owns 10% or more of the party's or amicus' stock:

                n/a

====================================================================================================

Attorney's Signature:   _s/Robert A. Alvarado_____          Date:   _A pril 25, 2013_____

Attorney's Printed Name:   _Robert A. Alvarado_____

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** _X_ **No** ___

Address:   _401 Main Street, Suite 1500, Peoria, IL 61602_____

Phone Number:   _(309) 671-7891_____

Fax Number:   _(309) 671-7898_____

E-Mail Address:   _robert_alvarado@fd.org_____

rev. 01/08 AK

# TABLE OF CONTENTS

PAGE

CIRCUIT RULE 26.1 DISCLOSURE STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    STATUTES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
    OTHER AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vi

PREFACE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED FOR REVIEW. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

       I.    Whether any non-frivolous issues can be raised regarding Ms.
            Piper's plea of guilty where she entered into an unconditional,
            knowing, and voluntary guilty plea, did not seek to withdraw
            her plea in the district court and does not seek to challenge her
            plea on appeal?. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

      II.    Whether any non-frivolous issues can be raised as to Ms.
            Piper's sentence where her sentence was not imposed in
            violation of the law, was not the result of an incorrect
            application of the Guidelines, and was not otherwise
            unreasonable? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       I.    Any argument challenging Ms. Piper's conviction would be
            frivolous where she entered into an unconditional, knowing,
            and voluntary plea of guilty, did not seek to withdraw the plea
            in the district court, and does not seek to challenge the plea on
            appeal. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

A.  Introduction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.  Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

II.  Any argument challenging Ms. Piper's sentence would be
     frivolous where her sentence was not imposed in violation
     of the law, was not the result of an incorrect application of
     the Guidelines, and was not otherwise unreasonable.. . . . . . . . . . . 11

A.  Standard of review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

B.  Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(C). . . . . . . . . 16

# TABLE OF AUTHORITIES

## CASES                                                    PAGE

*Anders v. California,* 386 U.S. 738 (1967). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 10

*Gall v. United States,* 128 S.Ct. 586 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Rita v. United States,* 551 U.S. 338 (2007).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Booker,* 543 U.S. 220 (2005).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Busara,* 551 F.3d 669 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . 14

*United States v. Cobblah,* 118 F.3d 549 (7th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Driver,* 242 F.3d 767 (7th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Klug,* 670 F.3d 797 (7th Cir. 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Knox,* 287 F.3d 667 (7th Cir. 2002). . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Lemke,* 693 F.3d 731 (7th Cir. 2012).. . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Mitchell,* 58 F.3d 1221 (7th Cir. 1995). . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Perry,* 223 F.3d 431 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Staples,* 202 F.3d 992 (7th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . 11

*United States v. Tahzib,* 513 F.3d 692 (7th Cir. 2008). . . . . . . . . . . . . . . . . . . . . . . . 13

*United States v. Vallone,* 698 F.3d 416, 488 (7th Cir. 2012). . . . . . . . . . . . . . . . . . . 13

## STATUTES

18 U.S.C. 2251. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18 U.S.C. § 3231. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

18 U.S.C. § 3553(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18 U.S.C. § 3742. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. § 1291. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## OTHER AUTHORITIES

Federal Rules of Criminal Procedure 11. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

U.S.S.G. § 2G.2.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

**PREFACE**

After carefully examining the record on appeal and researching the relevant law, counsel has concluded that the appeal presents no legally non-frivolous questions.  In reaching this conclusion, counsel has thoroughly scrutinized the record, including the transcript of the change of plea hearing and sentencing hearing for any arguable violation of the U.S. Constitution, the applicable federal statutes, the Federal Rules of Criminal Procedure, or the U.S. Sentencing Guidelines.  Because counsel has concluded that no non-frivolous issues are presented by this appeal, he requests leave to withdraw as counsel and submits this brief in accordance with *Anders v. California,* 386 U.S. 738 (1967).

## JURISDICTIONAL STATEMENT[1]

1.      The jurisdiction of the United States District Court for the Central District of Illinois was founded upon 18 U.S.C. § 3231.  Ms. Piper pleaded guilty without a written plea agreement to count 1 of the indictment charging her with sexual exploitation of a child. (R.8, App. 1-6) A second count of transportation of child pornography was dismissed.   She was sentenced to 300 months imprisonment and lifetime supervised release. (App. 1-6)

2.      The jurisdiction of the United States Court of Appeals for the Seventh Circuit is founded upon 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and is based upon the following particulars:

   i.      Date of entry sought to be reviewed: Sentence imposed on November 15, 2012 and Judgment in a Criminal Case filed on November 19, 2012;

   ii.     Filing date of motion for a new trial:  N/A

   iii.    Disposition of motion and date of entry:  N/A

   iv.    Filing date of notice of appeal: November 28, 2012.

---

[1]The Record on Appeal is cited as "R. #__, p. __"; the Short Appendix is cited as "App. __"; reference to the change of plea hearing shall be cited as "T.__"; reference to the presentence report shall be cited as "PSR, p.__";and reference to the sentencing hearing shall be referred to as "S.__."

## ISSUES PRESENTED FOR REVIEW

I.      Whether any non-frivolous issues can be raised regarding Ms. Piper's plea of guilty where she entered into an unconditional, knowing, and voluntary guilty plea, did not seek to withdraw her plea in the district court and does not seek to challenge her plea on appeal?

II.      Whether any non-frivolous issues can be raised as to Ms. Piper's sentence where her sentence was not imposed in violation of the law, was not the result of an incorrect application of the Guidelines, and was not otherwise unreasonable?

## STATEMENT OF THE CASE

This is a direct appeal in a criminal case.

Ms. Piper pleaded guilty to the indictment charging her with sexual exploitation of a child in violation of 18 U.S.C. 2251. She was later sentenced to 300 months imprisonment and lifetime supervised release. (App. 1-6)

Notice of appeal was timely filed on November 28, 2012. (R. 22)

## STATEMENT OF FACTS

Ms. Piper was charged by way of indictment with sexual exploitation of a child and transportation of child pornography. (R. 8) The latter count was dismissed when she entered an open plea to the charge of sexual exploitation of a child. (T. 2)

Ms. Piper produced multiple images and a live web cam stream of herself engaging in sexually explicit acts with her then 11 year old daughter in their home in Peoria, Illinois. The web camera stream was sent over the internet to a man in New York. Those acts included Ms. Piper performing oral sex on her daughter and the daughter performing oral sex on her mother. Also, Ms. Piper recorded her daughter engaging in sexually explicit poses. The recorded images, as opposed to the web cam stream, were emailed to this man in New York. Ms. Piper hoped to travel to New York to meet the man in person, but the meeting never occurred. (T. 8-10)

Later, some of the images were found in the possession of an unrelated person in the state of Oregon. Investigators were able to establish probable cause to believe the images originated in Ms. Piper's home. A search warrant was obtained and Ms. Piper eventually confessed that she was the person who produced the images. (T. 8)

Ms. Piper entered an open plea of guilty to the charge of sexual exploitation of a child. The advisory guideline range was calculated to be the

statutory maximum sentence of 30 years imprisonment, although the range would have been life imprisonment but for the statutory cap.  This was based upon the following calculations: 32 (base offense level) + 4 (images of a minor who had not attained the age of 12) + 2 (the offense involved the commission of a sex act or sexual contact) + 2 (distribution of the images to another) + 2 (Ms. Piper was the parent of the minor) + 5 (the offense of conviction was a covered sex crime and she engaged in a pattern of activity involving two or more acts of prohibited sexual conduct.) = 47.  Ms. Piper received a 3 level reduction for timely acceptance of responsibility for her actions, resulting in a total offense level of 44.  At a criminal history category I, the above advisory range was set. (PSR. 8-9, 14) Ms. Piper did not raise an objection to the guideline calculations. (S. 2)

At sentencing the Government stressed the fact that Ms. Piper committed an incestuous, hands-on sexual assault of her own daughter, for her own sexual gratification and the gratification of a man she had met on the internet. (S. 8-10) The Government recommended the statutory maximum sentence of 360 months. (S. 15)

Ms. Piper recommended the statutory minimum sentence of 180 months, stressing the short duration of the offense, the fact that some sort of understanding had been reached between Ms. Piper and her daughter as evidenced by the daughter's victim impact statement, and the lack of any

criminal history on Ms. Piper's part. (S. 16-7)  Ms. Piper also cited her life-long

depression as a factor to be considered. (S. 18-20) Ms. Piper also noted the history

of the child pornography sentencing guidelines, and the steady escalation in

penalties over the years. (S. 20-25) Particularly, Ms. Piper pointed out that

Congress amended the guidelines directly in 2003 to change the five level

enhancement imposed for engaging in a pattern of activity involving sexual

activity with minors.  Prior to 2003 the definition of pattern of activity required

two or more victims, but this was changed to require only two or more instances.

(S. 23) Ms. Piper argued that her advisory guideline range would have been 262-

327 months without the five level pattern of activity enhancement. (S. 23)

     The district court did not specifically comment on this last argument,

pointing instead to the short duration of the offense and the fact that Ms. Piper

sought therapy and refrained from committing any more offenses with her

daughter for a five year period:

> THE COURT: Okay. Thank you, Mrs. Piper. All right. The Court
> having considered the Presentence Report as prepared by probation
> which includes the sentencing guideline calculations, the arguments
> of counsel, the statement of Miss Piper, the victim statement by Miss
> Piper's daughter, factors as set forth in 3553 which have been recited
> here by both sides, the nature and circumstances of the offense,
> history and characteristics of the defendant, the need for the
> sentence to reflect the seriousness of the offense, promote respect for
> the law, provide just punishment, afford adequate deterrence to
> criminal conduct, protect the public from further crimes of the
> defendant and provide the defendant with educational or vocational
> training, medical care or other correctional treatment in a most

effective manner; I believe the following sentence is sufficient but not greater than necessary to comply with the purposes of the Act: There is a lot to be said, and, but, frankly, I don't think much more needs to be said. It would be easy to be angry over these facts. It would be easy to lecture but truly these facts are too sad for that. Miss Piper, your 16-year-old daughter has shown more respect for you than you showed for her. She even asks for a minimum sentence for you. Frankly, if I thought a minimum sentence would be helpful to your daughter then I would consider it for she has been through a nightmare that may never end. You, in effect by your actions, have sentenced your daughter to a life sentence of her own. A life sentence on the internet exposed to all of the perverts, perpetrators, and pedophiles that are lurking there to satisfy themselves at the expense of minor children. I can't help but wonder what sentence you would impose on someone if someone else had done this to your daughter. Now having said that though, I understand the comments of Mr. Alvarado, the offense was during a very short a short period of time. The last five years somehow the two of you lived together without any hands-on exploitation. Apparently, the letter from your husband detailing your mental health issues and the letter from your daughter expressing concern for you, and the fact that you went into therapy before your arrest, I guess is another factor that can be considered. So, when I consider all of those and try to balance out of this, it will be a sentence under the maximum 360 months. It will be a sentence to 300 months in the Bureau of Prisons. And that will be followed by a life term of supervised release. (S. 29-31)

The district court also imposed a term of lifetime supervised release with certain special conditions. (S. 31-2) This appeal followed.

## SUMMARY OF ARGUMENT

No non-frivolous issues can be raised regarding Ms. Piper's adjudication of guilt.  Her unconditional plea of guilty waived all non-jurisdictional defects to the determination of her guilt.  Moreover, because she failed to move to withdraw her plea in the district court and does not seek to challenge the plea in this appeal , no other issues are presented by the adjudication of Ms. Piper's guilt.

Furthermore, no non-frivolous issues can be raised regarding Ms. Piper's sentence.  Because the district court correctly calculated the advisory guideline and thoroughly considered the factors raised in mitigation, a sentence of 300 months imprisonment, which was 60 months below the statutory maximum sentence and below the otherwise applicable advisory guideline range of life imprisonment, cannot be said to be unreasonable.

## ARGUMENT

**I.**     **Any argument challenging Ms. Piper's conviction would be frivolous where she entered into an unconditional, knowing, and voluntary plea of guilty, did not seek to withdraw the plea in the district court, and does not seek to challenge the plea on appeal.**

### A.     Introduction.

In *United States v. Knox*, this Court noted that where a defendant does not move to withdraw a guilty plea in the district court, counsel need not address the voluntariness of the plea in an *Anders* brief if, after consultation with the defendant and advisement of any risks associated with the withdrawal of the plea, the defendant indicates that he does not wish to challenge his plea on appeal. *United States v. Knox*, 287 F.3d 667, 671 (7th Cir. 2002). Following this court's direction, counsel communicated with Ms. Piper to determine whether she wished to seek a withdrawal of her guilty plea. She did not.

### B.     Standard of review.

The standard of review applicable to whether a guilty plea is knowing and voluntary is "whether, looking at the totality of the circumstances surrounding the plea, the defendant was informed of his or her rights." *United States v. Mitchell*, 58 F.3d 1221, 1224 (7th Cir. 1995). In the present case, however, because Ms. Piper failed to move to withdraw her guilty plea in the district court below, this Court's review is limited to determining whether "plain error" occurred. *United States v. Driver*, 242 F.3d 767, 769 (7th Cir. 2001).

**II.    Any argument challenging Ms. Piper's sentence would be frivolous where her sentence was not imposed in violation of the law, was not the result of an incorrect application of the Guidelines, and was not otherwise unreasonable.**

**A.    Standard of review.**

This Court reviews preserved challenges to the application of the Guidelines for clear error, and interpretations of the Guidelines *de novo*. *United States v. Cobblah*, 118 F.3d 549, 550 (7th Cir. 1997). For challenges not made in the district court, the applicable standard of review depends upon whether the failure to raise the issue constituted a waiver or a forfeiture. *United States v. Staples*, 202 F.3d 992, 995 (7th Cir. 2000). Where waiver is accomplished by intent, forfeiture comes about through neglect. *Staples*, 202 F.3d at 995. Waiver extinguishes the error and precludes appellate review, but forfeiture, instead of precluding all appellate review, permits plain error review. *Staples*, 202 F.3d at 995. For a forfeited issue, therefore, there must be an "error" that is "plain" and that "affect[s] substantial rights." *United States v. Perry*, 223 F.3d 431, 433 (7th Cir. 2000).

With regard to downward deviations, the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 260-63 (2005), requires an appellate court to review a district court's sentence for reasonableness. On appeal, this court may, but is not required, to apply a presumption of reasonableness to a sentence imposed within the advisory Guideline range. *Gall v. United States*, 128 S.Ct. 586,

597 (2007).

**B.    Argument.**

Ms. Piper's sentencing profile, as set forth in the presentence report, established a statutory imprisonment range of 15 to 30 years.  The advisory guideline range was calculated to be life imprisonment but because the statutory maximum sentence was 30 years, the applicable advisory guideline range became 360 months.  The advisory guideline application included every enhancement that could be applied under U.S.S.G. § 2G.2.1, including a five level enhancement for engaging in a pattern of activity involving two or more acts of prohibited sexual conduct.  All of the enhancements constituted a simple application of the guidelines to the facts admitted and were established by the evidence.  There are no arguably non-frivolous issues regarding the application of the guideline provisions and the sentence did not exceed the statutory maximum under the law.

This leaves only the question of whether Ms. Piper's sentence of 300 months imprisonment was otherwise unreasonable.  Her sentence was 60 months below the statutory maximum sentence of 360 months and of course below the other wise applicable range of life imprisonment.  The district court balanced the seriousness of the offense against the relatively short duration of the crime and the fact that Ms. Piper voluntarily sought therapy and refrained from any further exploitation of her daughter for a five year period.

12

A below guideline sentence, or one within the guidelines, is presumed reasonable on appeal. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Vallone*, 698 F.3d 416, 488 (7th Cir. 2012).  And Ms. Piper bears a heavy burden to show that such a sentence would be unreasonable.  *United States v. Lemke*, 693 F.3d 731, 733-4 (7th Cir. 2012); *United States v. Tahzib*, 513 F.3d 692, 695 (7th Cir. 2008)(Noting that a below guideline sentence will almost never be unreasonable.) *See also, United States v. Klug*, 670 F.3d 797, 800 (7th Cir. 2012)(Noting that a guideline range of life effectively makes any sentence to a term of imprisonment presumptively reasonable).

The district court did not, however, specifically address Ms. Piper's argument that the court should vary from the advisory guideline range on the ground that the five level enhancement for engaging in a pattern of sexual conduct involving a minor – enacted by Congress directly in 2003 –violated the notion that the Sentencing Commission be entrusted with implementing guideline changes after careful, empirical study justifying the need for such changes.  Ms. Piper urged the court to consider that without such an enhancement, the applicable guideline range would have been 262-327 months.

Without stating its consideration of that point though, the district court did impose a sentence within the range suggested without the enhancement.  And whether the district court consciously imposed a sentence within that lower advisory range or not, the district court was not required to reject every

13

argument raised at sentencing or give each aggravating and mitigating factor equal weight. *United States v. Busara,* 551 F.3d 669, 674 (7th Cir. 2008) (noting district court's discretion to assign different weights to § 3553(a) factors and affirming sentence based on conclusion that seriousness of offense outweighed mitigating factors).  Obviously, the district court was aware of its discretion to impose a sentence below the advisory guidelines since it did so in this case.

Because there are no other arguable grounds that her sentence was imposed in violation of the law or that the sentence was otherwise unreasonable, there are no non-frivolous issues concerning Ms. Piper's sentence that can be raised in this appeal.

## CONCLUSION

For the reasons stated herein, undersigned counsel respectfully prays that this Honorable Court allow the Defendant-Appellant's counsel to withdraw.

Respectfully submitted,

JONATHAN E. HAWLEY
Chief Federal Public Defender

By:     s/Robert A. Alvarado
ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309) 671-7891

COUNSEL FOR DEFENDANT-APPELLANT

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a)(7)(C)**

The undersigned certifies that this brief complies with the volume

limitations of Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32

in that it contains 2,813 words, and 268 lines of text as shown by Word Perfect X3

used in preparing this brief.

s/Robert A. Alvarado
ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309) 671-7891

Dated: April 25, 2013

No. 12-3705

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff-Appellee,<br><br>vs.<br><br>ANNMARIE PIPER,<br><br>     Defendant-Appellant. | Appeal from the United States District Court for the Central District of Illinois<br><br>Case No. 12 CR 10055<br><br>Hon. James E. Shadid, Chief United States District Judge, Presiding. |

**APPELLANT'S SHORT APPENDIX**

JONATHAN E. HAWLEY
Chief Federal Public Defender

ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309) 671-7891

COUNSEL FOR DEFENDANT-APPELLANT

**CERTIFICATE OF COMPLIANCE WITH CIRCUIT RULE 30**

The undersigned counsel for Defendant-Appellant hereby states that all of

the materials required by Circuit Rule 30(a) and 30(b) are included in the

Appendix to this brief.

By:  s/Robert A. Alvarado

ROBERT A. ALVARADO
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: (309) 671-7891

Date: April 25, 2013

## APPENDIX TABLE OF CONTENTS

Certification. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Judgment in a Criminal Case filed November 19, 2012. . . . . . . . . . . . . . . . . . . . 1-6

District Court's Oral Comments At Sentencing. . . . . . . . . . . . . . . . . . . . . . . . . . . 7-9

No. 12-3705

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Appeal from the United States District Court for the Central District of Illinois |
| Plaintiff-Appellee, | |
| vs. | Case No. 12 CR 10055 |
| ANNMARIE PIPER, | Hon. James E. Shadid, Chief United States District Judge, Presiding. |
| Defendant-Appellant. | |

## NOTICE OF FILING AND PROOF OF SERVICE

TO:   Mr. Gino Agnello, Clerk, United States Court of Appeals, 219 S. Dearborn St., Chicago, IL 60604

Mr. Gregg Walters, Assistant United States Attorney, U.S. Attorney's Office, One Technology Plaza, Suite 400, Peoria, IL 61602.

I hereby certify that on April 25, 2013, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. I further certify that some of the participants in the case are not CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third-party commercial carrier for delivery within 3 calendar days, to the

following non-CM/ECF participant: Ms. AnnMarie Piper, Reg. No. 18107-026,

FMC Carswell, P.O. Box 27137, Ft. Worth, TX 76127.

By:__s/Robert A. Alvarado_____
    ROBERT A. ALVARADO
    Assistant Federal Public Defender
    401 Main Street, Suite 1500
    Peoria, Illinois 61602
    Phone: (309) 671-7891

AO 245B     (Rev. 09/08) Judgment in a Criminal Case
v1          Sheet 1

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |
|---|---|
| UNITED STATES OF AMERICA | ) |
| v. | ) |
| Ann Marie Piper | ) |

**JUDGMENT IN A CRIMINAL CASE**

~~FILED~~

NOV 1 9 2012

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Case Number:  12-cr-10055-001

USM Number: 18107-026

Robert Alvarado
Defendant's Attorney

## THE DEFENDANT:

☑ pleaded guilty to count(s)  1

☐ pleaded nolo contendere to count(s)
  which was accepted by the court.

☐ was found guilty on count(s)
  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2251(a) | Sexual Exploitation of a Child | 4/30/2012 | 1 |

☐ See additional count(s) on page 2

     The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)  2  ☑ is  ☐ are dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/15/2012
Date of Imposition of Judgment

/s/ James E. Shadid

Signature of Judge

James E. Shadid    Chief US District Judge
Name of Judge              Title of Judge

11-19-12
Date

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vI    Sheet 2 — Imprisonment

Judgment Page: 2 of 6

DEFENDANT: Ann Marie Piper
CASE NUMBER: 12-cr-10055-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

300 months

☑ The court makes the following recommendations to the Bureau of Prisons:

It is recommended that the defendant serve her sentence in a facility as close to her family in Peoria, Illinois, as possible, specifically FMC Carlswell as possible.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m.   on _____

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before        on _____

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____   to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 09/08) Judgment in a Criminal Case
v1  Sheet 3 — Supervised Release

DEFENDANT: Ann Marie Piper                                              Judgment Page: 3 of 6
CASE NUMBER: 12-cr-10055-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
Life

      The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☑  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐  The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

      If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

      The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency as directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from ☐ Any ☑ Excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1         Sheet 3C — Supervised Release

---

DEFENDANT: Ann Marie Piper                                    Judgment Page: 4 of 6
CASE NUMBER: 12-cr-10055-001

## SPECIAL CONDITIONS OF SUPERVISION

1. You shall have no contact with any person under the age of 18, except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer.

2. You shall neither possess nor have under your control any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material. This includes, but is not limited to, any material obtained through access to any computer and/or communication device, including a computer and/or communication device for employment purposes, or any material linked to computer or communication device access or use.

3. You shall participate with the U.S. Probation Office's Computer and Internet Monitoring Program (CIMP) during your term of supervision. The monitoring program will start as soon as possible after your supervision term begins. You shall sign the rules of the Computer Internet and Monitoring Program and comply with the conditions of this program. During this time:

A. You shall install filtering software on any computer you possess or use which will monitor/block access to sexually oriented websites. You shall allow the probation officer unannounced access to any computer you possess or use to verify that the filtering software is functional. You shall pay for the cost of the filtering software as directed by the probation officer.

B. You shall submit to the search of your person, automobile, and property under your control by the probation officer. You shall also allow the probation officer to conduct periodic unannounced examinations of your computer equipment, Internet capable devices, similar electronic devices, related computer peripherals, which may include retrieval and copying of all data from your device to ensure compliance with this condition, and/or removal of such equipment for the purpose of conducting a more thorough inspection.

4. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

5. You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation officer.

6. You shall not receive or transmit any sexually arousing material, including child pornography, via the Internet nor visit any website, including chat rooms or bulletin boards, containing any sexually arousing material, including child pornography.

7. You shall participate in a sex offender treatment program as deemed necessary by the probation office. You shall pay for such services as directed by the U.S. Probation Office. You will submit to physiological testing, including polygraph testing, which may be part of a sex offender treatment program as directed by the U.S. Probation Office. You shall pay for such services as directed by the U.S. Probation Office.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
v1    Sheet 5 — Criminal Monetary Penalties

DEFENDANT: Ann Marie Piper

CASE NUMBER:  12-cr-10055-001

Judgment Page: 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ 0.00 |

☐ The determination of restitution is deferred until _____ .  An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |
| **TOTALS** | $0.00 | $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

- App. 5 -

1:12-cr-10055-JES-JAG # 20    Page 6 of 6

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
vl    Sheet 6 — Schedule of Payments

Judgment Page: 6 of 6

DEFENDANT: Ann Marie Piper
CASE NUMBER: 12-cr-10055-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☑ Lump sum payment of $ 100.00 _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1  in need that are facing the same or similar

2  situations as me.

3          Thank you for your time and I ask for mercy

4  from the Court.

5          THE COURT:  Okay.  Thank you, Mrs. Piper.

6          All right.  The Court having considered the

7  Presentence Report as prepared by probation which

8  includes the sentencing guideline calculations, the

9  arguments of counsel, the statement of Miss Piper,

10  the victim statement by Miss Piper's daughter,

11  factors as set forth in 3553 which have been recited

12  here by both sides, the nature and circumstances of

13  the offense, history and characteristics of the

14  defendant, the need for the sentence to reflect the

15  seriousness of the offense, promote respect for the

16  law, provide just punishment, afford adequate

17  deterrence to criminal conduct, protect the public

18  from further crimes of the defendant and provide the

19  defendant with educational or vocational training,

20  medical care or other correctional treatment in a

21  most effective manner; I believe the following

22  sentence is sufficient but not greater than

23  necessary to comply with the purposes of the Act:

24          There is a lot to be said, and, but,

25  frankly, I don't think much more needs to be said.

1  It would be easy to be angry over these facts.  It
2  would be easy to lecture but truly these facts are
3  too sad for that.
4        Miss Piper, your 16-year-old daughter has
5  shown more respect for you than you showed for her.
6  She even asks for a minimum sentence for you.
7  Frankly, if I thought a minimum sentence would be
8  helpful to your daughter then I would consider it
9  for she has been through a nightmare that may never
10 end.  You, in effect by your actions, have sentenced
11 your daughter to a life sentence of her own.  A life
12 sentence on the internet exposed to all of the
13 perverts, perpetrators, and pedophiles that are
14 lurking there to satisfy themselves at the expense
15 of minor children.  I can't help but wonder what
16 sentence you would impose on someone if someone else
17 had done this to your daughter.
18        Now having said that though, I understand
19 the comments of Mr. Alvarado, the offense was during
20 a very short a short period of time.  The last five
21 years somehow the two of you lived together without
22 any hands-on exploitation.  Apparently, the letter
23 from your husband detailing your mental health
24 issues and the letter from your daughter expressing
25 concern for you, and the fact that you went into

1 therapy before your arrest, I guess is another

2 factor that can be considered.

3        So, when I consider all of those and try to

4 balance out of this, it will be a sentence under the

5 maximum 360 months.  It will be a sentence to 300

6 months in the Bureau of Prisons.

7        And that will be followed by a life term of

8 supervised release.

9        There will be no fine as I find you have no

10 ability to pay one.

11        Within 72 hours after your release from the

12 Bureau of Prisons, report in person to the Probation

13 Office in the district to which you are released.

14        While on supervised release, not commit

15 another federal, state, or local crime, not possess

16 a controlled substance, waiving mandatory drug

17 testing, cooperate in the collection of DNA, have no

18 contact with any person under the age of 18 except

19 in the presence of a responsible adult who is aware

20 of the nature of your background and current

21 offense, and who has been approved by the Probation

22 Office.

23        Neither possess nor have under your control

24 any material, legal or illegal, that contains nudity

25 or depicts or alludes to sexual activity or depicts